in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334.

A written stipulation of fact, upon which the cases have been submitted, establishes that export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)) is the proper basis for appraisement of the instant merchandise, and that such statutory values for the articles in question are the appraised values, less additions made on entry by the importers because of advances in similar cases.

ABERCROMBIE & FITCH CO. *v.* UNITED STATES

**No. 6585.**—Invoices dated Stockport, England, September 4, 1941, etc.
Certified September 6, 1941, etc.
Entered at New York, N. Y., October 14, 1941, etc.
Entry No. 719285, etc.

(Decided December 6, 1946)

*Lane & Wallace* and *Lane, Young & Fox* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

INTER-MARITIME FORWARDING CO., INC., ET AL. *v.* UNITED STATES

**No. 6586.**—Invoices dated London, England, July 31, 1941, etc.
Certified August 1, 1941, etc.
Entered at New York, N. Y., September 10, 1941, etc.
Entry No. 713265, etc.

(Decided December 6, 1946)

*Tompkins & Tompkins (J. Stuart Tompkins* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

MOLLISON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

INTER-MARITIME FWDG. CO., INC., ET AL. *v.* UNITED STATES

**No. 6587.**—Invoices dated London, England, May 1944, etc.
　　　　　Certified May 1944, etc.
　　　　　Entered at New York, N. Y., July 6, 1944, etc.
　　　　　Entry No. 700462, etc.

(Decided December 10, 1946)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

D. C. ANDREWS & CO., INC. *v.* UNITED STATES

**No. 6588.**—Invoices dated Birmingham, England, January 28, 1946, etc.
　　　　　Certified January 28, 1946, etc.
　　　　　Entered at New York, N. Y., March 1, 1946, etc.
　　　　　Entry No. 741806, etc.

(Decided December 10, 1946)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of